# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed: November 20, 2015

No. 15-5307

LARRY ELLIOTT KLAYMAN, ET AL.,
APPELLEES

v.

BARACK OBAMA, ET AL.,
APPELLANTS

ROGER VINSON,
APPELLEE

———

On Emergency Petition for Rehearing En Banc Review
of this Circuit's Order of November 16, 2015

———

*Larry E. Klayman* was on the emergency petition for rehearing en banc.

Before: GARLAND, *Chief Judge*, and HENDERSON, ROGERS, TATEL, BROWN, GRIFFITH, KAVANAUGH, [*] SRINIVASAN, MILLETT, PILLARD, AND WILKINS, *Circuit Judges*.

2

# **O R D E R**

Upon consideration of the emergency petition for rehearing en banc, and the absence of a request by any member of the court for a vote, it is

**ORDERED** that the petition be denied.

## **Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Ken Meadows
Deputy Clerk

---

[*] A statement by Circuit Judge Kavanaugh, concurring in the denial of rehearing en banc, is attached.

KAVANAUGH, *Circuit Judge*, concurring in the denial of rehearing en banc: I vote to deny plaintiffs' emergency petition for rehearing en banc. I do so because, in my view, the Government's metadata collection program is entirely consistent with the Fourth Amendment. Therefore, plaintiffs cannot show a likelihood of success on the merits of their claim, and this Court was right to stay the District Court's injunction against the Government's program.

The Government's collection of telephony metadata from a third party such as a telecommunications service provider is not considered a search under the Fourth Amendment, at least under the Supreme Court's decision in *Smith v. Maryland*, 442 U.S. 735 (1979). That precedent remains binding on lower courts in our hierarchical system of absolute vertical stare decisis.

Even if the bulk collection of telephony metadata constitutes a search, *cf. United States v. Jones*, 132 S. Ct. 945, 954-57 (2012) (Sotomayor, J., concurring), the Fourth Amendment does not bar all searches and seizures. It bars only *unreasonable* searches and seizures. And the Government's metadata collection program readily qualifies as reasonable under the Supreme Court's case law. The Fourth Amendment allows governmental searches and seizures without individualized suspicion when the Government demonstrates a sufficient "special need" – that is, a need beyond the normal need for law enforcement – that outweighs the intrusion on individual liberty. Examples include drug testing of students, roadblocks to detect drunk drivers, border checkpoints, and security screening at airports. *See Vernonia School District 47J v. Acton*, 515 U.S. 646 (1995); *Michigan Department of State Police v. Sitz*, 496 U.S. 444 (1990); *United States v. Martinez-Fuerte*, 428 U.S. 543 (1976); *United States v. Edwards*, 498 F.2d 496 (2d Cir. 1974); *see also Indianapolis v. Edmond*, 531 U.S. 32, 47-48 (2000). The Government's program for bulk collection of

telephony metadata serves a critically important special need – preventing terrorist attacks on the United States. *See* THE 9/11 COMMISSION REPORT (2004). In my view, that critical national security need outweighs the impact on privacy occasioned by this program. The Government's program does not capture the content of communications, but rather the time and duration of calls, and the numbers called. In short, the Government's program fits comfortably within the Supreme Court precedents applying the special needs doctrine.

To be sure, sincere and passionate concerns have been raised about the Government's program. Those policy arguments may be addressed by Congress and the Executive. Those institutions possess authority to scale back or put more checks on this program, as they have done to some extent by enacting the USA Freedom Act.

In sum, the Fourth Amendment does not bar the Government's bulk collection of telephony metadata under this program. I therefore agree with this Court's decision to stay the District Court's injunction.